IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

Case No. _____

LATASIA M. HARPER, and
LAMAR A. HOWARD, and
all others similarly situated,

    Plaintiffs,

vs.   **Collective Action**

OVATIONS FOOD SERVICES, L.P.,
a Foreign Limited Partnership, d/b/a
Spectra Food Services & Hospitality,

    Defendant.

_____/

# COMPLAINT

## INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA"), to recover unpaid overtime wages and unpaid regular wages on behalf of Plaintiffs LATASIA M. HARPER (hereinafter "HARPER"), LAMAR A. HOWARD (hereinafter "HOWARD") (hereinafter collectively "Plaintiffs"), and all others similarly-situated to them who were formerly, or are currently, employed as hourly paid employees by Defendant OVATIONS FOOD SERVICES, L.P., d/b/a SPECTRA FOOD SERVICES & HOSPITALITY (hereinafter referred to as "Defendant" or "SPECTRA").

2. Defendant employs these employees within the Middle District of Florida to perform various tasks in furtherance of the operation of their food services that it provides for Spectrum Stadium.

3. Throughout the liability period, Defendant has owned and operated a company known as SPECTRA FOOD SERVICES & HOSPITALITY, within the Middle District of Florida.

4. For at least the past three years prior to the filing of this complaint and continuing (hereinafter "Liability Period"), Defendant has had policies and practices in place to systemically shave time off of its employee's compensable hours worked solely designed to reduce labor costs and avoid payment of overtime at the expense of its employees. Specifically, Defendant's upper management accesses employees' clock in and clock out times and systemically manipulates those computerized records to reflect less time than the employee has actually worked.

5. Pursuant to the FLSA, Plaintiffs, on behalf of themselves and all others similarly situated to them who were formerly, or are currently, employed as hourly paid employees for Defendant during the liability period, seeks unpaid overtime wages, unpaid regular wages, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from Defendant.

6. Plaintiffs will request the Court to authorize concurrent notice to all hourly paid employees who are employed by Defendant or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

7. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where Defendant may be deemed to reside because Defendant conducts business within the Middle District of Florida.

## PARTIES

### Plaintiffs LATASIA M. HARPER and LAMAR A. HOWARD

9. HARPER and HOWARD were, at all material times, residents of Orange County, Florida.

10. HARPER and HOWARD, at all material times, were covered, non-exempt employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

11. Defendant employed HARPER and HOWARD as hourly paid warehouse clerk/event workers in Orlando, Florida, at Spectrum Stadium.

12. During the Liability Period, HARPER and HOWARD, and all other similarly situated hourly paid employees, worked their scheduled hours and more, but were not paid for all hours worked because Defendant manipulated employees' time records to reflect less hours than what were actually worked.

### Defendant

13. Defendant, OVATIONS FOOD SERVICES, L.P., d/b/a SPECTRA FOOD SERVICES & HOSPITALITY (hereinafter, "SPECTRA") is a Foreign Limited Partnership with operational headquarters in Philadelphia, Pennsylvania, conducts business in various locations throughout the United States, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where HARPER was employed.

14. At all times material hereto, SPECTRA is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

## GENERAL FACTUAL ALLEGATIONS

15. The allegations in paragraphs 16 through 21 occurred during the liability period.

16. Defendant does not pay its hourly paid employees for all hours worked.

17. All hourly paid employees employed by Defendant are not exempt from the overtime and minimum wage requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

18. All hourly paid employees employed by Defendant are entitled to be paid for all hours worked.

19. All hourly paid employees employed by Defendant are entitled to be paid overtime for all hours in excess of 40 during a seven-day workweek.

20. There are numerous persons similarly situated to Plaintiffs who are, or were, employed as hourly paid employees for Defendant during the liability period.

21. During the liability period, Defendant willfully and recklessly implemented a scheme whereby its General Manager surreptitiously accessed employees' time records and manipulated those time records such that Defendant defrauded its hourly employees by stealing employees' time so that labor costs were reduced.

## FIRST CLAIM – Unpaid Overtime Wages

22. The allegations in paragraphs 1-21 are incorporated by reference herein.

23. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires employees to be paid one and a half times

their regular rate of pay for all hours worked in excess of 40 during each seven-day workweek, 29 U.S.C. § 207.

24. As a result of the unlawful acts of Defendant, Plaintiffs and all persons similarly situated to them that have been subject to Defendant's illegal time shaving scheme have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action pray for this Court:

A. To authorize the issuance of notice at the earliest possible time to all SPECTRA hourly employees who were employed by Defendant during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they believe that they worked hours for which they may not have been fully compensated during the Liability Period;

B. To declare that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. 207, as to the Plaintiffs and persons similarly situated;

C. To declare Defendant's violations of the FLSA to be willful;

D. To award Plaintiffs, and other similarly situated current and former SPECTRA hourly employees, damages for the amount of the unpaid overtime wages and liquidated damages, subject to proof at trial;

E.  If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

F.  To make the same declarations and awards as prayed for in paragraphs A-E above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

G.  To award Plaintiffs, and other similarly situated current and former SPECTRA hourly employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM – Unpaid Regular Wages (Non-Overtime)

25.  The allegations in paragraphs 1, 2, 3, 4, 7, 8, 9, 11, 12 and 13 are incorporated by reference herein.

26.  Defendant does not pay its hourly paid employees for all hours worked.

27.  All hourly paid employees employed by Defendant are entitled to be paid for all hours worked.

28.  There are numerous persons similarly situated to Plaintiffs who are, or were, employed as hourly paid employees for Defendant during the liability period.

29.  During the liability period, Defendant willfully and recklessly implemented a scheme whereby its General Manager surreptitiously accessed employees' time records and manipulated those time records such that Defendant defrauded its hourly employees by stealing employees' time so that labor costs were reduced.

30.  As a result of the unlawful acts of Defendant, Plaintiffs and all persons similarly situated to them that have been subject to Defendant's illegal time shaving scheme have been deprived of straight-time compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action pray for this Court:

A.   To authorize the issuance of notice at the earliest possible time to all SPECTRA hourly employees who were employed by Defendant during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they believe that they worked hours for which they may not have been fully compensated during the Liability Period;

B.   To declare that Defendant has violated Florida Common Law, as to the Plaintiffs and persons similarly situated;

C.   To award Plaintiffs, and other similarly situated current and former SPECTRA hourly employees, damages for the amount of the unpaid wages and statutory interest, subject to proof at trial;

D.   To make the same declarations and awards as prayed for in paragraphs A-C above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

E.   To award Plaintiffs, and other similarly situated current and former SPECTRA hourly employees, reasonable attorneys' fees and costs pursuant to Florida Statutes § 448.08.

## JURY DEMAND

Plaintiffs demand trial by jury.

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. §216(b)**

I, LATASIA M. HARPER, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/ Latasia M. Harper*
Latasia M. Harper

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. §216(b)**

I, LAMAR A. HOWARD, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/ Lamar A. Howard*
Lamar A. Howard

Dated: June 11, 2020
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: james@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiffs HARPER and HOWARD*